UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| ANDREW FRANCOIS, individually and on behalf of all others similarly situated;<br><br>Plaintiff,<br><br>-against-<br><br>OSSA LLC d/b/a OSSA Offshore Catering and JAMES MONCRIEF, individually<br><br>Defendants. | No:<br><br>COLLECTIVE ACTION COMPLAINT |

Andrew Francois ("Plaintiff" or "Francois"), individually and on behalf of all others similarly situated, as class representative, upon personal knowledge as to himself, and upon information and belief as to other matters, alleges as follows:

## NATURE OF THE ACTION

1.      This lawsuit seeks to recover overtime compensation for Plaintiff and his similarly situated co-workers – chefs, cooks, galley hands, utility hands, and other similar positions (collectively "Non-Exempt Workers") – who work or have worked at any job site serviced by OSSA LLC throughout the United States and its territorial waters.

2.      Founded in 2009 by its owner and operator James "Jim Bob" Moncrief ("Moncrief"), OSSA LLC is a self-proclaimed "acknowledged leader in providing high quality catering services to the oil & gas industry both onshore and offshore."[1] According to its website, Defendants[2] provide catering services throughout the territorial waters of the United States in the

---

[1] *See* About Us, OSSA Website, *available at* https://ossa-llc.com/about-us (last accessed June 23, 2021).
[2] OSSA LLC and Moncrief shall be referred to together as "Defendants" or "OSSA."

1

Gulf of Mexico.

3.  OSSA provides full catering services to onshore and offshore oil & gas job sites, describing their services as "handl[ing] everything about the offshore catering process, start to finish. You don't have to worry about a thing, our friendly staff of chefs, cooks, bakers and galley assistants ensure everything runs smoothly and follows all safety procedures and protocols."[3]

4.  OSSA owns and maintains a central website for its business operations located at www.ossa-llc.com.  From this central website, users are able to apply for employment at OSSA for job sites around the country and learn of the company's various services.

5.  In order to provide its customers on and offshore catering services, OSSA employs a significant amount of Non-Exempt Workers and places them throughout various job sites.

6.  OSSA pays its Non-Exempt Workers on an hourly basis and pays them overtime for some hours worked over 40. However, OSSA greatly under counts the number of compensable hours worked by its Non-Exempt Workers and fails to pay any wages for these hours.

7.  Specifically, Non-Exempt Workers are generally paid for 12-hour daily shifts while assigned to location. However, due to the needs of the catering services, Non-Exempt Workers regularly work many hours above their "scheduled" hours, often 16 hours per day and even higher on some occasions, to account for food prep time and cleaning time.

8.  OSSA has knowledge that its Non-Exempt Workers work well above "scheduled" hours. In this regard, Plaintiff and other Non-Exempt Workers have complained to OSSA of not receiving pay for all hours worked, and OSSA ignored these complaints.

9.  Despite being non-exempt employees, OSSA has failed to properly pay Non-

---

[3] *See* Catering, OSSA Website, *available at  See* About Us, OSSA Website, *available at* https://ossa-llc.com/offshore-and-remote-catering (last accessed June 23, 2021).

Exempt Workers overtime compensation at 1.5 times their regular rate of pay for *all* hours worked, including prep hours and cleaning hours. As a result, OSSA has significantly underpaid Non-Exempt Workers for overtime hours worked.

10. Plaintiff brings this action on behalf of himself and all other similarly situated Non-Exempt Workers who elect to opt in to this action pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq.* ("FLSA"), and specifically, the collective action provision of 29 U.S.C. § 216(b).

## JURISDICTION AND VENUE

11. This Court has original jurisdiction under 29 U.S.C. § 216(b), 28 U.S.C. §§ 1331(a), 1332(a), and/or pursuant to 28 U.S.C. § 1367.

12. The proposed collective action includes a total number of plaintiffs in excess of 100.

13. Venue is proper in the Lafayette Division of the Western District of Louisiana because Defendants reside in this District and performs substantial business in this District.

## THE PARTIES

**Plaintiff**

**Andrew Francois**

14. Francois is an adult individual who is a current resident of the State of Texas, specifically, Harris County, Texas.

15. Francois was employed by OSSA as a chef from approximately February 2012 through October 2019. Francois was placed at several job sites throughout the territorial waters of the United States in the Gulf of Mexico.

16. At all relevant times, Francois was an "employee" of OSSA as defined by the

FLSA.

17. At all relevant times, OSSA was Francois' "employer" as defined in the FLSA.

18. A written consent form for Francois is being filed with this Collective Action Complaint as "Exhibit A."

**Defendants**

19. Defendants jointly employed Plaintiff and Non-Exempt Workers at all times relevant.

20. Each Defendant has had substantial control over Plaintiff's and Non-Exempt Workers' working conditions, and over the unlawful policies and practices alleged herein.

21. Defendants are part of a single integrated enterprise that has jointly employed Plaintiff and similarly situated employees at all times relevant.

22. During all relevant times, Defendants have applied the same employment policies, practices, and procedures to all Non-Exempt Workers.

23. During all relevant times, Defendants have controlled the labor relations of OSSA.

24. During all relevant times, Defendants have been Plaintiff's employers within the meaning of the FLSA.

**OSSA LLC**

25. OSSA LLC is a domestic for-profit corporation organized and existing under the laws of Louisiana.

26. OSSA LLC's principal executive office and corporate headquarters are located at 255 Rousseau Road, Youngsville, Louisiana 70592. The company's mailing address is also listed as 255 Rousseau Road, Youngsville, Louisiana 70592. OSSA LLC's registered agent is listed as James Moncrief, 255 Rousseau Road, Youngsville, Louisiana 70592.

27. At all relevant times, OSSA LLC has maintained control, oversight, and direction over Plaintiff and similarly situated employees, including, but not limited to, hiring, firing, disciplining, timekeeping, payroll, and other employment practices. In this regard, OSSA LLC appears on Non-Exempt Workers' paystubs.

28. OSSA LLC applies the same employment policies, practices, and procedures to all Non-Exempt Workers at all job sites the company services, regardless of location.

29. At all times relevant, OSSA LLC has had an annual gross volume of sales in excess of $500,000.00.

**James "Jim Bob" Moncrief**

30. Upon information and belief, James "Jim Bob" Moncrief is a resident of the state of Louisiana.

31. At all relevant times, Moncrief has owned and/or operated OSSA.

32. Moncrief is identified on OSSA's website and on his personal LinkedIn page as being the owner and operator of OSSA.

33. At all relevant times, Moncrief maintains a direct and significant management role at OSSA.

34. At all relevant times Moncrief has been actively involved in managing the day to day operations of OSSA.

35. At all relevant times Moncrief has had the power to stop any illegal pay practices that harmed Plaintiff and similarly situated employees.

36. At all relevant times Moncrief has had the power to transfer the assets and/or liabilities of OSSA.

37. At all relevant times Moncrief has had the power to declare bankruptcy on behalf

of OSSA.

38.     At all relevant times Moncrief has had the power to enter into contracts on behalf of OSSA.

39.     At all relevant times Moncrief has had the power to close, shut down, and/or sell OSSA.

40.     Moncrief is a covered employer within the meaning of the FLSA and at all relevant times has employed and/or jointly employed Plaintiff and similarly situated employees.

## FACTS

41.     Consistent with their policies and patterns or practices as described herein, Defendants harmed Plaintiff, individually, as follows:

**Andrew Francois**

42.     Francois was employed by OSSA as a chef from approximately February 2012 through October 2019. Francois was placed at several job sites throughout the territorial waters of the United States in the Gulf of Mexico.

43.     At all times relevant OSSA paid Francois on an hourly basis and treated him as a non-exempt employee eligible for overtime pay.

44.     During the course of his employment, Francois regularly worked over 40 hours per week. In this regard, unless he missed time for vacation, sick days or holidays, Francois generally worked on a 20 day on, 20 day off hitch schedule. At times Francois also worked on a "free-lance" basis, meaning he would stay on location for longer continuous periods of time until he called OSSA for a 7 day replacement.

45.     Francois' job duties were that of a non-exempt cook cooking for oil & gas workers working on offshore oil rigs. His job duties including work such as food and ingredient preparation,

cooking food, setting food out for the oil & gas personnel, and cleaning the kitchen and dining area.

46. Generally, on days where Francois was working, he would work from 3:00 a.m. to 7:00/7:30 p.m. On such days, Francois was to have breakfast ready to be served by 5:00 a.m. and would begin the process of cooking and food preparation at 3:00 a.m. Likewise, Francois would have to spend between 2 to 2.5 hours after dinner service cleaning the food serving trays, the kitchen area, and the dining room.

47. In some instances where Francois was the only cook at a job location the needs of the work required him to work up to 24 hours, with at most only 3 hours a sleep a day. For such days Francois was only paid for 15 daily hours. Most recently, Francois worked such shifts for a 2-to-3-week period in the last year of his employment with OSSA.

48. Despite regularly working over 40 hours per week, OSSA did not properly pay Francois proper overtime compensation for all hours worked over 40.  In this regard, OSSA only compensated Plaintiff for 12 hours per day for his normal shifts, despite his actual hours worked. In the times where Francois was working up to 24 hours in a day, he was only paid for 15 hours.

49. OSSA had actual and/or constructive knowledge of the actual hours being worked by Francois. Specifically, Francois was informed by OSSA office personnel to not record hours worked above his "schedule" on time sheets because they would not be compensated. Francois also complained on at least one occasion to Moncrief personally about these working hours without proper payment.

50. OSSA failed to pay Francois proper overtime compensation because they failed to pay him 1.5 times his regular rate of pay for all hours worked. As a result, OSSA significantly underpaid Francois for overtime hours worked.

## COLLECTIVE ACTION ALLEGATIONS

51. Plaintiff brings the First Cause of Action, an FLSA claim, on behalf of himself and all similarly situated persons who work or have worked as Non-Exempt Workers for OSSA at all job sites throughout the United States and any territorial waters who elect to opt-in to this action (the "FLSA Collective").

52. Defendants are liable under the FLSA for, *inter alia*, failing to properly compensate Plaintiff and the FLSA Collective.

53. Consistent with Defendants' policies and patterns or practices, Plaintiff and the FLSA Collective were not paid the proper premium overtime compensation of 1.5 times their regular rates of pay for all hours worked beyond 40 per workweek.

54. All of the work that Plaintiff and the FLSA Collective have performed has been assigned by Defendants, and/or Defendants have been aware of all of the work that Plaintiff and the FLSA Collective have performed.

55. As part of their regular business practice, Defendant has intentionally, willfully, and repeatedly engaged in a pattern, practice, and/or policy of violating the FLSA with respect to Plaintiff and the FLSA Collective. This policy and pattern or practice includes, but is not limited to, willfully failing to pay their employees, including Plaintiff and the FLSA Collective, proper premium overtime wages for all hours worked in excess of 40 hours per workweek.

56. Defendants' unlawful conduct, as described in this Complaint, is pursuant to a corporate policy or practice of minimizing labor costs by failing to properly pay overtime compensation to its employees.

57. Defendants are aware or should have been aware that federal law required it to pay Plaintiff and the FLSA Collective overtime premiums for all hours worked in excess of 40 per

workweek.

58. There are many similarly situated current and former Non-Exempt Workers who have been denied overtime pay in violation of the FLSA who would benefit from the issuance of a court-supervised notice of this lawsuit and the opportunity to join it. This notice should be sent to the FLSA Collective pursuant to 29 U.S.C. § 216(b).

59. Those similarly situated employees are known to Defendants, are readily identifiable, and can be located through Defendants' records.

### FIRST CAUSE OF ACTION
**Fair Labor Standards Act – Overtime Wages**
**(Brought on behalf of Plaintiff and the FLSA Collective)**

60. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

61. The overtime wage provisions set forth in the FLSA, 29 U.S.C. §§ 201 *et seq.*, and the supporting federal regulations, apply to Defendants and protect Plaintiff and the members of the FLSA Collective.

62. During this time, Plaintiff and the FLSA Collective regularly worked in excess of 40 hours per week.

63. Defendants failed to pay Plaintiff and the FLSA Collective the premium overtime wages to which they were entitled under the FLSA – at a rate of 1.5 times their regular rates of pay – for all hours worked.

64. As a result of Defendants' willful violations of the FLSA, Plaintiff and the FLSA Collective have suffered damages by being denied overtime compensation in amounts to be determined at trial, and are entitled to recovery of such amounts, liquidated damages, attorneys' fees, costs, and other compensation pursuant to 29 U.S.C. §§ 201 *et seq.*

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff, individually, and on behalf of all other similarly situated persons, respectfully requests that this Court grant the following relief:

A. That, at the earliest possible time, Plaintiff be allowed to give notice of this collective action, or that the Court issue such notice, to all Non-Exempt Workers who are presently, or have at any time during the three years immediately preceding the filing of this suit, up through and including the date of this Court's issuance of court-supervised notice, worked for OSSA.  Such notice shall inform them that this civil action has been filed, of the nature of the action, and of their right to join this lawsuit if they believe they were denied proper wages;

B. Unpaid overtime wages and an additional and equal amount as liquidated damages pursuant to the FLSA and the supporting United States Department of Labor Regulations;

C. Issuance of a declaratory judgment that the practices complained of in this Complaint are unlawful under the FLSA, as well as under the relevant state laws.

D. Reasonable attorneys' fees and costs of the action; and

E. Such other relief as this Court shall deem just and proper.

Dated: Lafayette, Louisiana
      July 13, 2021

Respectfully submitted,

*/s/ Kenneth W. DeJean*
Kenneth W. DeJean

**LAW OFFICES OF KENNETH W. DEJEAN**
Kenneth W. DeJean (No. 4817)
Adam R. Credeur (No. 35095)
417 W. University Avenue (70506)
Post Office Box 4325
Lafayette, Louisiana 70502
Telephone: (337) 235-5294
kwdejean@kwdejean.com
adam@kwdejean.com

**FITAPELLI & SCHAFFER, LLP**
Joseph A. Fitapelli, *pro hac vice forthcoming*
Armando A. Ortiz, *pro hac vice forthcoming*
28 Liberty Street, 30th Floor
New York, New York 10005
Telephone: (212) 300-0375

*Attorneys for the Plaintiff and Putative Collective*